IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL ECHEVARRIA-CHAPARRO
Plaintiff

vs

BANCO POPULAR OF PUERTO RICO
Defendant

CIVIL 09-2029CCC

## OPINION AND ORDER

This complaint, filed pro se by plaintiff Angel Echevarría-Chaparro("Echevarría") against defendant Banco Popular de Puerto Rico, seeks a stay of the foreclosure proceedings in the Puerto Rico courts, the judgment for which was entered on May 15,2007.[1] Plaintiff also requests that we reevaluate the state court's determination and issue an advisory opinion as to his protected rights.[2]

Now before the Court is Banco Popular de Puerto Rico's unopposed Motion for Entry of Dismissal Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed on December 7, 2009 (**docket entry 7**). Defendant contends that the Rooker-Feldman doctrine bars the plaintiff's attempt to challenge and relitigate the state court's foreclosure judgment and enjoin the sale of the property.[3] In support of its motion Banco Popular has submitted a copy and certified translation of the state court judgment.

---

[1] Echevarría avers in his complaint, at ¶3, that, "[s]entence was given on May 8th, 2009 in Aguadilla, Puerto Rico court room." The source of this date is unclear. Whether plaintiff's date is a typographical error or has any legal significance is academic, inasmuch as the judgement was already final and unappealable by the time this suit was filed.

[2] Plaintiff identifies no jurisdictional basis for this complaint.

[3] Defendant also discussed the doctrine of res judicata under Puerto Rico law and its application to this case, as well as the prohibition of the Anti Injunction Act against the issuance of an injunction to prevent the imposition of a state court judgment.

CIVIL 09-2029CCC                           2

As stated above, plaintiff request that this Court advise him about his and his family's rights and that we stay the foreclosure proceeding.  To do so would entail action overturning the finality of the state court's judgment, a scenario that is barred by the Rooker-Feldman doctrine.

## The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine was enunciated by the United States Supreme Court in the cases of Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and later in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  In Rooker, plaintiffs who had previously been defeated in state court, filed suit in a Federal District Court alleging that the adverse state-court judgment was unconstitutional and asking that it be declared "null and void."  Rooker, 263 U.S., at 414-415.  Plaintiffs in both Rooker and Feldman had litigated and lost in state court, as in this case.  Their federal complaints invited federal district courts to review and reverse unfavorable state-court judgments.  In both cases the Supreme Court declared that the petitions were out of bounds and properly dismissed for lack of subject-matter jurisdiction.

The United States Supreme Court is vested with exclusive "jurisdiction over appeals from final state-court judgments."  Lance v. Dennis, 546 U.S. 459, 469 (2006).  Under legislation of Congress, no court of the United States other than the Supreme Court could entertain a proceeding to reverse or modify the judgment of a state court.  See, Rooker, 263 U.S. at 416.

The Rooker-Feldman doctrine "is confined to [1] cases brought by state-court losers, [2] complaining of injuries caused by state court judgments, [3] rendered before the district court proceedings commenced, and [4] inviting district court review and rejection of those judgments."  See, Silva v. Commonwealth of Massachusetts, 2009 U.S. App. Lexis 20287 (1st Cir. 2009); Lance, supra, at 464.

CIVIL 09-2029CCC                                   3

> The Supreme Court in Feldman, supra, stated that:
>
>> "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is, in essence, being called upon to review the state court decision. This District Court may not do."

See, also, Wilson v. Shumway, 264 F.3d 120(1st Cir. 2001).

Regarding the first factor, it is clear from the allegations of the complaint that plaintiff was the unsuccessful party in the state-court foreclosure action. The second factor is also met since plaintiff's federal action complains of alleged damages to his family and him caused by the state-court judgment entered in a Commonwealth action. The allegations stems directly from the judgment entered in the state foreclosure case. See, Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F. 3d 220, 223 (1st Cir. 2006) (applying Rooker-Feldman doctrine where, regardless of how the claim is phrased, "the only real injury to Plaintiffs is ultimately still caused by a state-court judgment).

In determining whether the state-court judgment was rendered before the federal district court proceeding commenced, this Court must examine if the state court judgment is sufficiently final for operation of the Rooker-Feldman doctrine. That is, when the state proceedings have ended. In this case the plaintiff mentions the date of May 8, 2009, five months before this action was filed. The date on the Judgment itself, May 15, 2007 is two and a half years before this action was filed.

In synthesis, to grant plaintiff's request for relief, this Court would have to "declare that the state court wrongly decided the foreclosure claim in the state foreclosure action." See Silva, supra and Davison, supra at p.223. Plaintiff alleged injuries stem directly from the judgment entered in the state foreclosure action upholding the rights of Echevarría to take this very action. Hence, this Court lacks jurisdiction to hear this suit in light of the Rooker-

CIVIL 09-2029CCC                                      4

<u>Feldman</u> doctrine, under which a federal district court lacks subject-matter jurisdiction over suits seeking reversal or modification of state-court judgments.

For the foregoing reasons, the Court DENIES plaintiff's request for a stay of state court proceedings and revision of the state court action and GRANTS Banco Popular of Puerto Rico's request for a dismissal.  The complaint is hereby dismissed with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2010.

                                            S/CARMEN CONSUELO CEREZO
                                             United States District Judge